**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CARLOS HERNANDEZ** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 05-427S** |
| | : | |
| **STATE OF RHODE ISLAND** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, respectfully moves to dismiss plaintiff's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody."

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

**CERTIFICATION**

I hereby certify that on the 1st day of November 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Carlos Hernandez, pro-se, at his last known address of PO Box 1400, Enfield, CT 06083.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CARLOS HERNANDEZ** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 05-427S** |
| | : | |
| **STATE OF RHODE ISLAND** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S "PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Petitioner, who represents that he "has filed with the State of Connecticut Department of Corrections an Interstate Agreement on Detainers" (*Supplement To Petition For A Writ of Habeas Corpus* at 1), has filed the above-captioned 28 U.S.C. § 2254 action in order to compel the State of Rhode Island to take action with respect to a warrant the State of Rhode Island has lodged with Connecticut. (*Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person in State Custody* at 9.) Even, however, if the United States Court of Appeals for the First Circuit had not held that such IAD claims are generally unavailable in habeas proceedings (Cross v. Cunningham, 87 F.3d 586, 587-88 (1st Cir. 1996)("Although the IAD is considered federal law for purposes of habeas corpus, Reed v. Farley, ___ U.S. ___, ___, 114 S.Ct. 2291, 2296, 129 L.Ed.2d 277 (1994), nonconstitutional claims can be raised on habeas only if the alleged error results in 'a complete miscarriage of justice.' *Id.* at ___, 114 S.Ct. at 2300 (citations omitted).") because Petitioner seems to expressly acknowledge

that he has failed to exhaust[8] this IAD claim in the Rhode Island state courts (*Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person in State Custody* at 9 (suggesting that because "[t]his is a matter of federal jurisdiction due to interstate offenses", he should be excused from exhausting his state remedies)), the State would respectfully ask that the above-captioned action be dismissed.

[8] *See* Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982)(prohibiting federal district courts from adjudicating even mixed habeas corpus petitions, that is, petitions containing both exhausted and unexhausted claims).

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

## CERTIFICATION

I hereby certify that on the 1st day of November 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Carlos Hernandez, pro-se, at his last known address of PO Box 1400, Enfield, CT 06083.